1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS *for* JUSTICE, PC**
Edwin Aiwazian (Cal. SBN 232943)
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone (818) 265-1020
Facsimile   (818) 265-1021
SS@AIWAZIAN.com

*Attorneys for* Plaintiff



FILED
CLERK, U.S. DISTRICT COURT
JUN 26 2012
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ALAN HERNANDEZ, individually, and on behalf of other members of the general public similarly situated,

Plaintiffs,

vs.

CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: CV12-05543DSF(JCx)

**CLASS ACTION COMPLAINT**

(1) Fraud
(2) Breach of Express Warranty
(3) Intentional Misrepresentation
(4) Negligent Misrepresentation
(5) Violation of California's False Advertising Act, California Bus. & Prof. Code Sections 17500, *et seq.*
(6) Violation of California's Unfair Business Practices Act, California Bus. & Prof. Code Sections 17200, *et seq.*

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  **TO THE HONORABLE UNITED STATES DISTRICT COURT:**

2       Plaintiff ALAN HERNANDEZ ("Plaintiff"), brings this action against

3  Defendants CHIPOTLE MEXICAN GRILL, INC. and DOES 1 through 10,

4  inclusive, (collectively "Defendants") individually and on behalf of other members

5  of the general public similarly situated, and alleges the following on information

6  and belief:

7                    **INTRODUCTION**

8       1.    CHIPOTLE MEXICAN GRILL, INC. boasts that it serves "food with

9  integrity," which includes serving meat from only "naturally raised" animals.

10  Chipotle defines "naturally raised" as follows:  "[n]aturally raised animals are

11  raised in a humane way, fed a vegetarian diet, never given hormones, and [are]

12  allowed to display their natural tendencies."  Due to false and deceptive business

13  practices and representations, CHIPOTLE MEXICAN GRILL, INC. has misled

14  the general public into believing that all of the beef and chicken served in its

15  restaurants come from "naturally raised animals," when in fact, CHIPOTLE

16  MEXICAN GRILL, INC. also serves beef and chicken that comes from

17  "conventionally raised" animals.

18       2.    This case is brought on behalf of a national class of consumers who at

19  any time during the period of four years preceding the filing of this Complaint to

20  the present (the proposed "Class Period") have purchased and/or consumed meat

21  (i.e. chicken and/or beef) from or at a CHIPOTLE MEXICAN GRILL, INC.

22  restaurant.   In Defendants' restaurants, Defendants shamelessly and broadly

23  advertise that they serve meat exclusively from "naturally raised" animals as part

24  of Defendants' mass in-store advertising campaign despite the fact that

25  Defendants, on their website, in various Annual Reports, and in other publications,

26  admit that CHIPOTLE MEXICAN GRILL, INC. restaurants are unable to

27  exclusively or consistently serve meat from "naturally raised" animals.

28       3.    Since Defendants began their "naturally raised" advertising campaign

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

Lawyers for Justice, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   in CHIPOTLE MEXICAN GRILL, INC. restaurants and throughout the Class

2   Period, Defendants have failed to reasonably, equitably, justly, or adequately

3   inform consumers that the meat served in Defendants' restaurants comes partially

4   or entirely from animals that were "conventionally raised." In Defendants' 2011

5   Annual Report, Defendants define "naturally raised" meat as "...coming from

6   animals that are never given antibiotics or added hormones and that are raised

7   responsibly—that is, in accordance with our animal welfare standards." In

8   contrast, meat from "conventionally raised" animals consists of meat from an

9   animal not raised according to Defendants' own "naturally raised" standard.

10   When meat comes from a "conventionally raised" animal, it means that the animal

11   was treated with antibiotics, artificially supplied with hormones, and/or subjected

12   to cruel treatment. In its CHIPOTLE MEXICAN GRILL, INC. restaurants

13   nationwide, Defendants charge customers a premium price for chicken and beef by

14   representing that the chicken and beef comes from animals that are free of

15   antibiotics, hormones, and/or cruel treatment.

16         4.     Due to false and deceptive business practices and representations,

17   CHIPOTLE MEXICAN GRILL, INC. has misled the general public into believing

18   that the meat offered at CHIPOTLE MEXICAN GRILL, INC. restaurants comes

19   entirely from "naturally raised" animals. Defendants' mass in-store advertising

20   campaign fails to disclose to customers that the meat served in Defendants'

21   restaurants comes partially or entirely from "conventionally raised" chicken and/or

22   beef. Further, Defendants' in-store advertising campaign fails to apprise the

23   general public that Defendants' claims about serving meat exclusively from

24   "naturally raised" animals is merely aspirational.

25         5.     For example, in Defendants' 2011 Annual Report, Defendants admit

26   "Some of our restaurants served conventionally raised chicken or steak for much of

27   2011, a few markets reverted to conventionally raised beef in early 2012, and more

28   of our restaurants may periodically serve conventionally raised meats in the future

2

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1 due to supply constraints." *See* Exhibit 1.  Furthermore, Defendants' website
2 states, "We are working diligently with all of our suppliers so we can return to
3 serving 100% naturally raised chicken." *See* Exhibit 3.  Despite these admissions,
4 Defendants continue to advertise in CHIPOTLE MEXICAN GRILL, INC.
5 restaurants that the meat served comes entirely from "naturally raised" animals,
6 thereby continuing to profit off of their false and deceptive marketing campaign.

7        6.    In light of the misrepresentation inherent in Defendants' "naturally
8 raised" in-store advertising campaign, a reasonably prudent consumer would
9 certainly not expect that some or all of the meat served by Defendants came from
10 "conventionally raised" animals, nor would a reasonably prudent consumer expect
11 that whether a specific batch of meat served by Defendants actually came from
12 "naturally raised" animals depended on economic forces.    As a result of
13 disseminating this false, deceptive, and misleading advertising campaign during
14 the proposed Class Period, Defendants were able to sell meat from "conventionally
15 raised" animals to thousands of unsuspecting consumers throughout the United
16 States and profited greatly from these transactions.    Plaintiff alleges that
17 Defendants' conduct constitutes common law fraud, breach of express warranty,
18 intentional misrepresentation, and negligent misrepresentation.    In addition,
19 Plaintiff alleges that Defendants' conduct violates the unlawful, unfair, and
20 fraudulent prongs of California's Unfair Competition Law (Cal. Bus. & Prof. Code
21 §§ 17200. *et seq.*), the California Business & Professions Code §17500, *et seq.,*
22 and the Consumers Legal Remedies Act (Cal. Civ. Code §1750, *et seq.*).

23        7.    Plaintiff seeks compensatory, restitution, declaratory and injunctive
24 relief based upon Defendants' conduct asserted in this Complaint.  As of the date
25 on this Complaint, Defendants' restaurants in the United States contain
26 advertisements and information that represent the meat served in Defendants'
27 restaurants as coming entirely from "naturally raised" animals, even though
28 Defendants elsewhere admit that Defendants regularly serve meat from

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

1  "conventionally raised" animals.   Accordingly, Plaintiff seeks declaratory and

2  injunctive relief to ensure that Defendants remove any and all of the "naturally

3  raised" representations from Defendants' restaurants, as long as Defendants

4  continue to serve meat from "conventionally raised" animals.

5       8.    The chicken and beef served in CHIPOTLE MEXICAN GRILL, INC.

6  restaurants by Defendants will hereinafter be referred to as the "Subject Food

7  Product."

8  **JURISDICTION AND VENUE**

9       9.    This Court has jurisdiction over this action pursuant to 28 U.S.C.

10  §1332(a).  Plaintiff and/or one or more members of the Putative Class are citizens

11  of a State different from Defendants.   Further, the monetary damages and

12  restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the District

13  Court, and will be established according to proof at trial.   The "amount in

14  controversy" for Plaintiff and the other class members, collectively, including

15  compensatory damages, restitution, attorneys' fees, exceed the sum or value of

16  $75,000, exclusive of interest and costs.   Additionally, this Court has original

17  jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 since one or more of

18  the claims alleged herein arises under the laws of the United States.

19       10.    Venue is proper within this judicial district pursuant to 28 U.S.C.

20  §1391(a) and (b).  Upon information and belief, a substantial part of the events or

21  omissions giving rise to the claims alleged herein relating to Plaintiff occurred in

22  this judicial district.   Furthermore, upon information and belief, Defendants

23  maintain offices, have agents, and/or transact business in the State of California,

24  County of Los Angeles.  Additionally, Plaintiff resides in the State of California,

25  County of Los Angeles.

26       11.    Defendants are subject to personal jurisdiction and/or may be found in

27  this judicial district.   Upon information and belief, Defendants are citizens of

28  California, have sufficient minimum contacts with California, and/or have

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

1 | otherwise intentionally availed themselves of the laws and markets within this
2 | judicial district through the promotion, marketing, distribution, and sale of the
3 | Subject Food Product in this judicial district so as to render the exercise of
4 | jurisdiction over them by this court consistent with traditional notions of fair play
5 | and substantial justice.

**PARTIES**

7 | 12.   Plaintiff ALAN HERNANDEZ ("Plaintiff") is an individual residing
8 | in the County of Los Angeles, State of California.

9 | 13.   Defendant CHIPOTLE MEXICAN GRILL, INC. is a Delaware
10 | corporation (hereinafter referred to as "CHIPOTLE"), and transacts business in the
11 | County of Los Angeles, State of California.

12 | 14.   The true names and capacities, whether corporate, associate,
13 | individual or otherwise, of defendants DOES 1 through 10, inclusive, are unknown
14 | to Plaintiff who sues said defendants by such fictitious names.   Plaintiff is
15 | informed and believes, and based on that information and belief alleges, that each
16 | of the defendants herein designated as a DOE is legally responsible for the events
17 | and happenings referred to in this Complaint, and unlawfully caused the damages
18 | to Plaintiff and the Class members alleged in this Complaint.   Plaintiff will seek
19 | leave of court to amend this Complaint to show the true names and capacities when
20 | the same has been ascertained.

21 | 15.   At all times herein relevant, CHIPOTLE and DOES 1 through 10, and
22 | each of them, were the agents, partners, joint venturers, representatives, servants,
23 | employees, successors-in-interest, co-conspirators and assigns, each of the other,
24 | and at all times relevant herein were acting within the course and scope of their
25 | authority as such agents, partners, joint venturers, representatives, servants,
26 | employees, successors, co-conspirators and assigns, and that all acts or omissions
27 | alleged herein were duly committed with the ratification, knowledge, permission,
28 | encouragement, authorization and consent of each defendant designated herein.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

5

16.    Defendants CHIPOTLE and DOES 1 through 10 will hereinafter be collectively referred to as "Defendants."

17.    The policies and practices alleged in this Complaint were, upon information and belief, set or ratified at Defendants' highest corporate levels. At all relevant times herein, Defendants were in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing the Subject Food Product into interstate commerce throughout the United States, including in the State of California and every other state, either directly or indirectly through third parties, subsidiaries, or related entities.

## FACTS

18.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times mentioned in this Complaint, CHIPOTLE has owned and operated CHIPOTLE MEXICAN GRILL, INC. restaurants, a national fast food chain, with approximately 1,200 restaurants across the United States at present. CHIPOTLE currently owns and operates more than 100 CHIPOTLE MEXICAN GRILL, INC. restaurants in the State of California, including the County of Los Angeles.

19.    Plaintiff is informed and believes, and based thereon alleges, that Defendants broadly advertise in CHIPOTLE MEXICAN GRILL, INC. restaurants through numerous menus, signs, packaging material, and other media that the Subject Food Product comes from "naturally raised" animals which Defendants define as "...animals that are never given antibiotics or added hormones and that are raised responsibly—that is, in accordance with our animal welfare standards." Defendants use the language "naturally raised" to shape the CHIPOTLE brand and to sell the Subject Food Product.

20.    Plaintiff is informed and believes, and based thereon alleges, that Defendants admit that the Subject Food Product comes partially from "conventionally raised" animals. For example, Defendants' 2011 Annual Report

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  states, "Continuing to serve naturally raised meats in all of our restaurants is one of
2  our goals, but as discussed below, we have and will continue to face challenges in
3  doing so.   Some of our restaurants served conventionally raised chicken or steak
4  for much of 2011, a few markets reverted to conventionally raised beef in early
5  2012, and more of our restaurants may periodically serve conventionally raised
6  meats in the future due to supply constraints." *See* Exhibit 1.  Further, Defendants'
7  2010 Annual Report states, "As of December 31, 2010, about 80% of our
8  restaurants served naturally raised steak and about 86% of our restaurants served
9  naturally raised chicken. As a result of ongoing supply challenges, we had to
10  suspend serving naturally raised chicken in certain markets beginning in the second
11  quarter of 2010." *See* Exhibit 2.

12      21.    Plaintiff is informed and believes, and based thereon alleges, that
13  despite the fact that Defendants admit that the Subject Food Product does not come
14  entirely from "naturally raised" animals, Defendants fail to disclose in their in-
15  store advertising campaign that the Subject Food Product comes partially or
16  completely from animals that were not "naturally raised."

17      22.    This misrepresentation is significant and material given the
18  considerable difference in treatment experienced by animals that are "naturally
19  raised" as opposed to "conventionally raised."   By Defendants' own definition,
20  "conventionally raised" animals are exposed to antibiotics, artificially supplied
21  with hormones, and/or are subjected to cruel treatment while "naturally raised"
22  animals are free from such suffering and artificial additives.   The language
23  "naturally raised" carries implications about the treatment of animals – treatment
24  that consumers are often willing to pay a premium price for over comparable
25  products that are from "conventionally raised" animals.  Furthermore, the language
26  "naturally raised" has the potential to influence and/or does influence consumers'
27  decisions about whether to purchase and/or consume food made from animals.

28

7

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23.  Plaintiff is informed and believes, and based thereon alleges, that Defendants use the language "naturally raised" to describe the chicken and beef served in CHIPOTLE restaurants as part of a mass advertising campaign throughout Defendants' restaurants.  This advertising campaign is disseminated in formats that are highly visible and accessible to consumers, including but not limited to, large menu display boards, paper menus, order forms, receipt paper, and on some packaging material such as basket liner tissue.  For example, the paper menus and large menu display boards posted in Defendants' restaurants offer four different types of meat with a description of each type of meat underneath.  *See* Exhibit 4.  For "CHICKEN" and "STEAK" the description states: "Naturally raised, marinated in our chipotle adobo, then grilled."  For "BARBACOA," the description states: "Naturally raised beef.  Braised for hours, then shredded."  Moreover, some of Defendants' passionate ramblings, which appear on its packaging materials given to customers, contain references to "naturally raised" animals.

*24.*  In addition to Defendants' mass in-store advertising campaign, Defendants recently aired a **national commercial depicting CHIPOTLE MEXICAN GRILL, INC. using "naturally raised" animals for meat.  The commercial, available on CHIPOTLE MEXICAN GRILL, INC.'s website,** *depicts a farmer as he turns his family farm into an industrial animal factory. Realizing the error of his ways, the farmer tears down the buildings and pens formerly restraining the animals, and lets his cows, pigs, and chickens roam free on a vast farm.  At the conclusion of the commercial, the farmer loads a Chipotle-branded truck with a crate, thus giving the viewer the unambiguous message that the meat Defendants sell comes from farms with "naturally raised" animals.*

25.  Plaintiff is informed and believes, and based thereon alleges, that the language "naturally raised," as used by Defendants' mass in-store advertising

8

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  campaign conveys material information to consumers about the Subject Food
2  Product that consumers can and do use to make purchasing decisions.

3     26.   At all times mentioned in this Complaint, Defendants, through their
4  "naturally raised" in-store advertising campaign have suppressed and concealed
5  and continue to suppress and conceal the fact that the Subject Food Product comes
6  partially or entirely from "conventionally raised" animals. Defendants' advertising
7  campaign further fails to indicate that information about whether the Subject Food
8  Product actually comes from "naturally raised" animals is available exclusively on
9  the internet, including, for example, through Defendants' website and Annual
10 Reports.

11    27.   Plaintiff is informed and believes, and based thereon alleges, that
12 consumers must perform online research in order to learn that the Subject Food
13 Product comes partially from "conventionally raised" animals and the claim that
14 the Subject Food Product comes exclusively from "naturally raised" animals is
15 merely aspirational.  For example, during the proposed Class Period, Defendants'
16 website stated, "We are working diligently with all of our suppliers so we can
17 return to serving 100% naturally raised chicken." Defendants' website further
18 stated, "…our ultimate goal is to have 100% of our chickens raised without the use
19 of antibiotics.  We also want to avoid any supplier that uses additional additives in
20 their feed, like arsenic." *See* Exhibit 3.

21    28.   At all times herein relevant, Plaintiff purchased and ate Defendants'
22 Subject Food Product at various locations in the State of California, County of Los
23 Angeles.

24    29.   At all times herein relevant, when Plaintiff purchased and consumed
25 the Subject Food Product, Plaintiff was exposed to Defendants' "naturally raised"
26 in-store advertising campaign and reasonably believed that the Subject Food
27 Product came exclusively from "naturally raised" animals since there were no
28 representations made to the contrary.

9

30.    At all times herein relevant, Plaintiff relied upon Defendants' "naturally raised" in-store advertising campaign when purchasing and consuming the Subject Food Product, to his detriment.

31.    Plaintiff is willing to and has paid a premium price for food that comes from animals not exposed to antibiotics, hormones, or cruel treatment. Further, Plaintiff has and continues to make decisions about what food products to purchase and consume based in part on whether the food products come from animals that were exposed to antibiotics, hormones, and/or cruel treatment. Plaintiff not only purchased the Subject Food Product because Defendants advertised that the Subject Food Product comes exclusively from "naturally raised" animals, but also, Plaintiff paid more money for the Subject Food Product than he would have paid for a similar product that came from "conventionally raised" animals.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' concealment of the fact that the Subject Food Product came partially or entirely from animals that were exposed to antibiotics, hormones, and/or cruel treatment, and being explicitly informed that the Subject Food Product came exclusively from "naturally raised" animals, were the immediate cause of Plaintiff and the other Class members' decision to purchase and/or consume the Subject Food Product.

33.    In light of Defendants' representations and omissions, as alleged herein, regarding the Subject Food Product, Plaintiff and members of the putative Class reasonably believed that the Subject Food Product came exclusively from "naturally raised" animals and did not come from "conventionally raised" animals.

34.    Plaintiff is informed and believes, and based thereon alleges, as a result of Defendants' false and misleading representations, as alleged herein, Plaintiff has suffered damages including, but not limited to, monetary loss and emotional distress of the type that would naturally flow from being misled by

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Defendants' "naturally raised" advertisement campaign into consuming the Subject
2  Food Product, which in fact came partially or entirely from animals that were
3  exposed to antibiotics, hormones, and/or cruel treatment.

## CLASS ALLEGATIONS

5      35.    Plaintiff brings this action on his own behalf and on behalf of all other
6  members of the general public similarly situated, and, thus, seeks Class
7  certification under Rule 23 of the Federal Rules of Civil Procedure.

8      36.    The proposed Class ("Class") is defined as follows:

> All persons who were exposed to Defendants' in-store
> "naturally raised" advertising campaign, and who purchased the
> Subject Food Product at or from a CHIPOTLE restaurant
> located in the United States at any time during the period of
> four years preceding the filing of the instant Complaint to final
> judgment.

15     37.    Plaintiff reserves the right to establish sub-Classes as appropriate.

16     38.    Plaintiff reserves the right to amend this Class definition prior to Class
17  certification.

18     39.    The Class is ascertainable and there is a well-defined community of
19  interest in the litigation:

> a.    Numerosity: Upon information and belief, there are thousands
> of Class members who are geographically dispersed throughout
> the United States. Therefore, individual joinder of all Class
> members is impracticable. The membership of the entire Class
> is unknown to Plaintiff at this time.
>
> b.    Typicality: Plaintiff's claims are typical of all other Class
> members as demonstrated herein because Plaintiff was a
> consumer who was exposed to Defendants' in-store "naturally
> raised" advertising campaign and purchased the Subject Food

11

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Product in the United States during the Class Period.  Plaintiff,

2    therefore, is not different in any relevant respect from any other

3    Class member, and the relief sought is common to the Class.

4    Plaintiff will fairly and adequately protect the interests of the

5    other Class members with whom he has a well-defined

6    community of interest.

7    c.    Adequacy: Plaintiff will fairly and adequately protect the

8    interests of each Class member, with whom he has a well-

9    defined community of interest and typicality of claims, as

10    demonstrated herein.    Plaintiff has no interest that is

11    antagonistic to the other Class members.  Plaintiff's attorneys,

12    the proposed Class counsel, are versed in the rules governing

13    Class action discovery, certification, and settlement.  Plaintiff

14    has incurred, and during the pendency of this action will

15    continue to incur, costs and attorneys' fees, that have been, are,

16    and will be necessarily expended for the prosecution of this

17    action for the substantial benefit of each Class member.

18    d.    Superiority: A class action is superior to other available

19    methods for the fair and efficient adjudication of this litigation

20    because individual joinder of all Class members is impractical.

21    Furthermore, the damages suffered by each individual Class

22    member will likely be relatively small, especially given the

23    relatively small cost of the Subject Food Product, as compared

24    to the burden and expense of individual prosecution of these

25    claims. Thus, it would be virtually impossible for the Class

26    members to effectively redress the wrongs done to them

27    individually.    Even if the individual Class members could

28    afford individual actions, it would still not be preferable to

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1         class-wide litigation because a class action presents far fewer

2         management difficulties and inconsistent results, while

3         providing the benefit of a single adjudication, economies of

4         scale, and comprehensive supervision by single court.

5     e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a

6         class action will advance public policy objectives. Businesses

7         in this Nation violate consumer protection laws every day.

8         Defendants have acted or refused to act on grounds generally

9         applicable to the Class. Therefore, this action will allow for the

10        vindication of consumers' rights with respect to the Subject

11        Food Product.

12     40.    There are common questions of law and fact as to the Class members

13 that predominate over questions affecting only individual members. These

14 common legal or factual questions include, but are not limited to:

15     a.    Whether Defendants advertise and represent that the Subject

16         Food Product comes exclusively from "naturally raised"

17         animals.

18     b.    Whether Defendants engaged in a pattern or practice of

19         concealing, suppressing and/or misrepresenting in their mass

20         in-store "naturally raised" advertising campaign the fact that the

21         Subject Food Product comes partially from "conventionally

22         raised" animals.

23     c.    Whether Defendants knew that their representations were false

24         but continued to disseminate them.

25     d.    Whether Defendants' mass in-store "naturally raised"

26         advertising campaign is false and misleading and reasonably

27         likely to deceive Class members and/or the general public.

28

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

e.     Whether Defendants thereby engaged in consumer fraud, unfair competition, deceptive trade practices, or other unlawful acts.

f.     Whether Class members are entitled to damages including compensatory damages, punitive, restitution, disgorgement of profits, and injunctive relief, and the proper measure, nature and extent of such relief.

## FIRST CAUSE OF ACTION

### (Fraud)

### (Against CHIPOTLE and DOES 1 through 10)

41.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, and each and every part thereof with the same force and effect as though fully set forth herein.

42.    During the Class Period, Defendants employed a mass advertising campaign in CHIPOTLE restaurants that misrepresented that the Subject Food Product came entirely from animals that were "naturally raised" when in fact the Subject Food Product came partially or entirely from animals that were "conventionally raised."   Thus, the "naturally raised" representation made by Defendants in their restaurants constitutes an affirmative act of concealment and non-disclosure.

43.    The misrepresentation, nondisclosure, and/or concealment of material facts made by Defendants to Plaintiff and the other Class members, as set forth above, were known by Defendants to be false and material and were intended by Defendants to mislead Plaintiff and the other Class members.   There was a substantial likelihood that a reasonable prospective purchaser of the Subject Food Product would have considered information about whether the Subject Food Product came from animals exposed to antibiotics, hormones, and/or cruel treatment important when deciding whether or not to purchase the Subject Food Product.   Defendants carried out the scheme set forth in this Complaint willfully,

14

1    wantonly, and with reckless disregard for the interests of Plaintiff and the other

2    members of the Class.

3        44.    Plaintiff and the other Class members were actually misled and

4    deceived and were induced by Defendants to purchase the Subject Food Product.

5        45.    Defendants had a duty to disclose that the Subject Food Product came

6    partially or entirely from "conventionally raised" animals because this information

7    was a material fact of which Defendant had exclusive knowledge; Defendant

8    actively concealed this material fact; and Defendant made partial representations

9    about the Subject Food Product but suppressed some material facts.  Had Plaintiff

10   and the other Class members known that the Subject Food Product came partially

11   or entirely from animals that were not "naturally raised" they would not have

12   purchased the Subject Food Product.

13       46.    Defendants' misrepresentation and/or nondisclosure were the

14   immediate cause of Plaintiff and the other Class members purchasing the Subject

15   Food Product.

16       47.    In the absence of Defendants' misrepresentation and/or nondisclosure,

17   as described above, Plaintiff and the other Class members in all reasonable

18   probability would not have purchased the Subject Food Product.

19       48.    As a result of Defendants' conduct, Plaintiff and the other Class

20   members have been damaged financially and have suffered other damages

21   including, but not limited to, emotional distress.

22                    **SECOND CAUSE OF ACTION**

23                    **(Breach of Express Warranty)**

24              **(Against CHIPOTLE and DOES 1 through 10)**

25       49.    Plaintiff incorporates by reference the allegations contained in

26   paragraphs 1 through 48, and each and every part thereof with the same force and

27   effect as though fully set forth herein.

28

*LAWYERS for JUSTICE, PC*
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

50.    Defendants' "naturally raised" in-store advertising campaign, as described herein, constitutes an affirmation of fact or promise and/or constitutes a description of the Subject Food Product.   These advertisements constitute an express warranty and were part of the basis of the bargain made between Plaintiff as well as the other members of the Class and Defendants.

51.    Defendants breached this express warranty by selling chicken and/or beef that is not "naturally raised."

52.    Plaintiff and the other Class members formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased the Subject Food Product.   The terms of that contract include the promises and affirmations of fact made by Defendants, as described herein.   Defendants' mass advertising campaign in CHIPOTLE MEXICAN GRILL, INC. restaurants constitutes an express warranty, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff as well as the other members of the Class and Defendants.   Defendants breached the terms of this contract, including the express warranty, by not selling the Subject Food Product exclusively from animals that were "naturally raised."

53.    As a direct and proximate result of Defendants' breach of their contracts and warranties, Plaintiff and the other members of the Class have been damaged in the amount of the purchase price of the Subject Food Product they purchased.

///
///
///
///
///
///
///

16

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### THIRD CAUSE OF ACTION

### (Intentional Misrepresentation)

### (Against CHIPOTLE and DOES 1 through 10)

54.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53, and each and every part thereof with the same force and effect as though fully set forth herein.

55.    Defendants represented to Plaintiff and the other Class members that important facts were true. More specifically, Defendants represented to Plaintiff and the other Class members through a mass in-store advertising campaign that the the Subject Food Product came entirely from "naturally raised" animals.

56.    Defendants' representations were false.

57.    Defendants knew that the representations were false when Defendants made them, and/or Defendants made the representations recklessly and without regard for their truth.

58.    Defendants intended that Plaintiff and the other Class members rely on the representations.

59.    Plaintiff and the other Class members reasonably relied on Defendants' representations.

60.    Plaintiff and the other Class members were financially harmed and suffered other damages including, but not limited to, emotional distress.

61.    Plaintiff's and the other Class members' reliance on Defendants' representations was the immediate cause of the financial loss and emotional distress sustained by Plaintiff and the other Class members.

62.    Defendants' misrepresentation and/or nondisclosure were the immediate cause of Plaintiff and the other Class members purchasing the Subject Food Product.

///

///

63.   In absence of Defendants' misrepresentation and/or nondisclosure, as described above, Plaintiff and the other Class members, in all reasonable probability, would not have purchased the Subject Food Product.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### (Against CHIPOTLE and DOES 1 through 10)

64.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 63, and each and every part thereof with the same force and effect as though fully set forth herein.

65.   Defendants represented to Plaintiff and the other Class members that important facts were true.

66.   Defendants' representations were not true.

67.   Defendants had no reasonable grounds for believing the representations were true when Defendants made it.

68.   Defendants intended that Plaintiff and the other Class members rely on the representations.

69.   Plaintiff and the other Class members reasonably relied on Defendants' representations.

70.   Plaintiff's and the other Class members' reliance on Defendants' representation was a substantial factor in causing the financial loss and emotional distress sustained by Plaintiff and the other Class members.

71.   Defendants' negligent misrepresentation and/or nondisclosure was the immediate cause of Plaintiff and the other Class members purchasing the Subject Food Product from Defendants, and thereby sustaining monetary loss and emotional distress.

72.   In the absence of Defendants' negligent misrepresentations and/or nondisclosure, as described above, Plaintiff and the other Class members, in all

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   reasonable probability, would not have purchased the Subject Food Product from

2   Defendants.

### FIFTH CAUSE OF ACTION

(Violation of the California False Advertising Act –

Business & Professions Code §§ 17500, *et seq.*)

(Against CHIPOTLE and DOES 1 through 10)

73.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74.   Defendants engaged in unfair and deceptive acts and practices, in violation of California Business and Professions Code §§ 17500, *et seq.*, by marketing and/or selling the Subject Food Product without disclosure of the material fact that the Subject Food Product came partially or entirely from "conventionally raised" animals.   Defendants disseminated a mass in-store advertising campaign concerning the Subject Food Product which is misleading and likely to deceive members of the California Class into believing that the Subject Food Product comes entirely from animals that are "naturally raised."

75.   These acts and practices, as described above, have deceived Plaintiff and other Class members, causing them to lose money and suffer emotional distress as herein alleged, and have deceived and are likely to deceive the consuming public, in violation of California Business and Professions Code §§ 17500, *et seq*.   Accordingly, Defendants' business acts and practices, as alleged herein, have caused injury to Plaintiff and the other Class members.

76.   Defendants' misrepresentation and/or nondisclosure of the fact that the Subject Food Product comes partially or entirely from animals that are not "naturally raised" were the immediate cause of Plaintiff and the other Class members purchasing the Subject Food Product.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

77.    In absence of Defendants' misrepresentation and/or nondisclosure, as described above, Plaintiff and the other Class members would not have purchased the Subject Food Product.

78.    Plaintiff and the other Class members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoining Defendants to cease and desist from engaging in the practices described herein.

**SIXTH CAUSE OF ACTION**

**(Violation of the California Unfair Business Practices Act –**

**Business & Professions Code §§ 17200, *et seq.*)**

**(Against CHIPOTLE and DOES 1 through 10)**

79.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 78, and each and every part thereof with the same force and effect as though fully set forth herein.

80.    California Business and Professions Code section 17200 prohibits any "unfair deceptive, untrue or misleading advertising."   For the reasons discussed above, Defendants have engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code section 17200, *et seq.*

81.    California Business & Professions Code section 17200 also prohibits any "unlawful . . . business act or practice."   Defendants have violated Sections 17200, *et seq.*'s prohibition against engaging in unlawful acts and practices by, among other things, making the representations and omissions of material facts, as set forth herein, and violating, among other things, Section 1770 of the California Consumers Legal Remedies Act.  Defendants violated Section 1770 by:

a.    Representing that goods have a characteristic that they do not have (California Civil Code § 1770(a)(5));

20

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

b.   Representing that goods are of a particular standard, quality or grade when they are of another (California Civil Code § 1770(a)(7)); and

c.   Advertising goods with the intent not to sell them as advertised (California Civil Code § 1770(a)(9)).

82.   Defendants had a duty to disclose that the Subject Food Product came partially or entirely from "conventionally raised" animals because this information was a material fact of which Defendant had exclusive knowledge; Defendant actively concealed this material fact; and because Defendant made partial representations about the Subject Food Product but suppressed some material facts. Plaintiff and the other Class members would not have purchased the Subject Food Product had they known that the Subject Food Product came partially or entirely from animals that were exposed to antibiotics, hormones, and/or cruel treatment.

83.   Plaintiffs and the other Class members reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

84.   California Business & Professions Code sections 17200, *et seq.* also prohibits any "unfair . . . business act or practice." Defendants' acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200, *et seq.* in that Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described

1    herein.    This conduct constitutes violations of the unfair prong of California

2    Business & Professions Code sections 17200, *et seq.*

3         85.    Business & Professions Code sections 17200, *et seq.* also prohibit any

4    "fraudulent business act or practice."   Defendants' claims, nondisclosures, and

5    misleading statements, as set forth above, were false, misleading, and/or likely to

6    deceive reasonable consumers within the meaning of Business & Professions Code

7    sections 17200, *et seq.*   Defendants' business acts and practices are fraudulent

8    because they are likely to, and in fact, did deceive reasonable consumers, including

9    Plaintiff and the other Class members, into believing that the Subject Food Product

10   comes entirely from animals that were "naturally raised."

11        86.    Defendants' misrepresentations of the fact that the Subject Food

12   Product comes entirely from "naturally raised" animals and/or Defendants' non-

13   disclosure that the Subject Food Product comes partially or entirely from animals

14   that were "conventionally raised" were the immediate and proximate cause of

15   Plaintiff and the other Class members purchasing the Subject Food Product.

16        87.    As a result of Defendants' misrepresentations and omissions,

17   Plaintiffs and members of the putative Class lost money or property because had

18   they known the Subject Food Product comes partially or entirely from animals that

19   are not "naturally raised," they would not have purchased the Subject Food Product

20   from Defendants, but rather, they would have used their money to purchase

21   another product.

22        88.    Defendants' conduct caused and continues to cause substantial injury

23   to Plaintiff and the other Class members.   Plaintiff and the other Class members

24   have suffered injury in fact and have lost money as a result of Defendants'

25   wrongful conduct.

26        89.    Pursuant to Business & Professions Code section 17203, Plaintiff and

27   the other Class members seek an order requiring Defendants to immediately cease

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  such acts of unlawful, unfair, and fraudulent business practices and requiring

2  Defendants to engage in a corrective advertising campaign.

3    90.    Unless Defendants are enjoined from continuing to engage in these

4  unfair, unlawful and fraudulent business practices, Plaintiff and the other Class

5  members will continue to be injured by Defendants' actions and conduct.

6    91.    Defendants have thus engaged in unlawful, unfair, and fraudulent

7  business acts and practices, entitling Plaintiff and the other Class members to

8  judgment and equitable relief against Defendants, as set forth in the Prayer for

9  Relief, including full restitution and/or disgorgement of all revenues, earnings,

10  profits, compensation, and benefits which may have been obtained by Defendants

11  as a result of such business acts or practices, and enjoining Defendants to cease and

12  desist from engaging in the practices described herein.

### PRAYER FOR RELIEF

13  WHEREFORE, Plaintiff, individually and on behalf of all other members of

14  the Nationwide Class, prays for relief and judgment against CHIPOTLE and

15  DOES 1 through 10, and each of them, jointly and severally, as follows:

### Class Certification

18    1.    That this action be certified as a Class action;

19    2.    That Plaintiff be appointed as the Class representative;

20    3.    That counsel for Plaintiff and the putative Class be appointed as Class

21  counsel for the Nationwide Class;

### As to the First through Sixth Causes of Action

23    4.    That Plaintiff and the other Class members be awarded compensatory

24  and general damages according to proof;

25    5.    That Plaintiffs and the other Class members be awarded disgorgement

26  and restitution of all monies wrongfully obtained and retained by Defendants as

27  well as any other equitable relief as the Court deems proper;

28

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

6.     That Plaintiffs and the other Class members be awarded interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

7.     That Plaintiffs and the other Class members be awarded declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, to ensure compliance with the California False Advertising Act, the California Unfair Business Practices Act, the California Consumers Legal remedies Act, and other applicable laws and regulations as stated herein;

8.     That Defendants be mandated to make a payment to a *cy pres* fund;

9.     That Defendants be mandated to engage in a corrective advertising campaign to correct the misperceptions that Defendants' deceptive, false and misleading acts have created;

10.    That Defendants be mandated to issue an apology to Plaintiff and the other Class members;

11.    That Plaintiff and the other Class members be awarded punitive damages as to the appropriate cause of action;

12.    That Plaintiff and the other Class members be awarded their reasonable attorneys', expert-witness fees, and other costs pursuant to statutes as may be applicable; and

13.    All such other and further relief as the Court deems just and proper.

Dated: June 25, 2012                    **LAWYERS *for* JUSTICE, PC**

By:  _____
     Edwin Aiwazian
     *Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

## DEMAND FOR JURY TRIAL

Plaintiff, ALAN HERNANDEZ, on behalf of himself and all other members of the general public similarly situated, hereby demands a jury trial.

Dated: June 25, 2012

**LAWYERS *for* JUSTICE, PC**

By: _____

Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

26