UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-5543 DSF (JCx) | Date | 7/6/12 |
|---|---|---|---|
| Title | Alan Hernandez v. Chipotle Mexican Grill, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

On June 26, 2012, Plaintiff filed this class action complaint. Plaintiff claims that this Court has federal subject matter jurisdiction based on 28 U.S.C. § 1332(a), otherwise known as diversity jurisdiction. (Compl. ¶ 9.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests on the party claiming that it exists. Id. Federal courts have diversity jurisdiction over all civil actions in which: (1) the amount in controversy exceeds $75,000; and (2) the matter is between citizens of different States or citizens of a State and subjects or citizens of a foreign state. 28 U.S.C. § 1332(a). Although the claims of a single plaintiff may be aggregated to determine the amount in controversy, multiple plaintiffs may not aggregate their claims unless the plaintiffs share a "common and undivided claim," such as where the claims involve a single indivisible res. Eagle v. Am. Tel. & Tel. Co., 769 F.2d 541, 545 (9th Cir. 1985); see also Goldberg v. CPC Intern., Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (concluding that, in a class action, the amount of attorney's fees in controversy for each class member is only their pro rata share of the total fees). For diversity purposes, a corporation is a citizen of its state of incorporation, and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

The Complaint fails to sufficiently establish that either of the § 1332(a) requirements is met. First, Plaintiff provides no basis to infer that any single class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

member's claim exceeds $75,000.[1]  Nor is Plaintiff likely to be able to establish this given that the case involves the purchase of Mexican food at a chain restaurant.

Second, the Complaint fails to properly allege Defendant's citizenship.  Plaintiff alleges that Defendant is incorporated in Delaware, but fails to allege Defendant's principal place of business.  (Compl. ¶ 13.)  Because Defendant's citizenship has not been established, the Court cannot determine whether diversity exists.

In addition, the Court notes that the Complaint alludes to an inapplicable standard for diversity.  It states that diversity jurisdiction exists because "Plaintiff and/or one or more members of the Putative Class are citizens of a State different from Defendants." (Compl. ¶ 9.)  This is not the standard for diversity under § 1332(a), but rather the standard under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).  If Plaintiff desires to plead jurisdiction under CAFA, he must meet CAFA's other requirements – including that the aggregate amount in controversy exceeds $5,000,000.  See 28 U.S.C. § 1332(d)(2).

Plaintiff is ordered to show cause, in writing, no later than July 23, 2012 why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by the above date will result in dismissal of the action.

IT IS SO ORDERED.

---

[1] Individual class members do not assert a common claim.  Thus, Plaintiff's assertion that the amount in controversy is calculated "collectively," (Compl. ¶ 9), is mistaken.