UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 12-5543 DSF (JCx) | Date | 8/23/12 |
| Title | Alan Hernandez, et al. v. Chipotle Mexican Grill, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order DENYING Motion to Dismiss (Docket No. 7) and Order to Show Cause

   The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for August 27, 2012 is removed from the Court's calendar.
   The motion to dismiss is DENIED for the reasons stated in the Opposition.
   The Court notes that Plaintiff need not show that he consumed non-naturally raised meat on one of his visits to Chipotle.  The harm alleged in the Complaint is not that Plaintiff actually consumed non-naturally raised meat at Chipotle, but rather that Plaintiff purchased food at Chipotle, at a premium, based on Defendant's representations that non-naturally raised meat was not used there.  (See, e.g., Compl. ¶¶ 30, 32.)
   The Court also notes that Plaintiff has adequately alleged a claim for fraudulent concealment.  California courts – sometimes citing a case relied on by Defendant, (Mot. at 12) – have repeatedly recognized fraudulent concealment claims where the plaintiff alleged that the defendants took it upon themselves to make partially true representations or "half-truths" in a manner that "effectively concealed material facts." Boschma v. Home Loan Ctr., Inc., 198 Cal. App. 4th 230, 249-50 (2011) (citing LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997)) (referring to the "common law duty to avoid making partial, misleading representations that effectively concealed material facts"); see also, e.g., Randi W. v. Muroc Joint Unified Sch. Dist., 14 Cal. 4th 1066, 1082 (1997) ("[W]e view this case as a 'misleading half-truths' situation in which defendants, having undertaken to provide some information regarding Gadams's teaching credentials and character, were obliged to disclose all other facts which "materially qualify" the limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

facts disclosed."). Plaintiff alleges that Defendant engaged in a prominent, highly visible in-store advertising campaign touting its use of naturally raised meat, and deluged its customers with physical in-store ads about its naturally raised meat (all of which failed to reference that data was available online), while the data revealing the true nature of the meat used in its stores was buried in 100-page Annual Reports available exclusively on the Internet. (See, e.g., Compl. ¶¶ 23, 26; Opp'n at 13.) These allegations are sufficient to state a claim that Defendant propounded misleading half-truths in its prominent in-store ad campaign, and that Defendant had a duty to disclose additional material facts as part of that campaign.

Defendant's motion is DENIED as premature as to the class allegations, as its arguments relate to whether class certification is appropriate.

However, while adequacy of counsel is ordinarily determined after class certification, it appears an early preliminary determination of whether Plaintiff's counsel would be adequate class counsel would serve the interests of the putative class and of judicial economy. Therefore, Plaintiff's counsel are ordered to show cause why they would be adequate counsel to represent the class if a class were certified. In appointing class counsel, the Court:

> (A) must consider:
>> (i) the work counsel has done in identifying or investigating potential claims in the action;
>> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>> (iii) counsel's knowledge of the applicable law; and
>> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.

Fed.R.Civ.P. 23(g)(1).

A written response must be submitted no later than September 12, 2012. The response should provide full and complete information responsive to Rule 23(g)(1)(A) and (B), and sufficient for the Court to make an informed decision. The response should also provide any agreement between Plaintiff and counsel (which may be filed in camera and under seal), any agreement relating to this action with any other person or entity, and counsel's proposal for terms for attorney's fees and nontaxable costs. See Rule 23(g)(1)(C).

IT IS SO ORDERED.