John A. Girardi, Cal. State Bar No. 54917
    *jgirardi@girardikeese.com*
V. Andre Sherman, Cal. State Bar No. 198684
    *asherman@girardikeese.com*
**GIRARDI & KEESE**
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone  (213) 977-0211
Facsimile  (213) 481-1554

Edwin Aiwazian, Cal. State Bar No. 232943
    *edwin@aiwazian.com*
Arby Aiwazian, Cal. State Bar No. 269827
    *arby@aiwazian.com*
Jill J. Parker, Cal. State Bar No. 274230
    *jill@aiwazian.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone  (818) 265-1020
Facsimile  (818) 265-1021

*Attorneys for* Plaintiff Alan Hernandez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HERNANDEZ; individually, and on behalf of other members of the general public similarly situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 2:12-CV-05543-DSF-JC<br>Honorable Dale S. Fischer<br>Courtroom 840<br><br>**PLAINTIFF ALAN HERNANDEZ' RESPONSE TO ORDER TO SHOW CAUSE RE ADEQUACY OF COUNSEL**<br><br>Complaint Filed: June 26, 2012<br>Trial Date:    None Set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alan Hernandez ("Plaintiff") submits this Response to the Court's August 23, 2012 Order to Show Cause regarding the adequacy of Plaintiff's counsel to serve as class counsel in the event a class is certified in this action. Plaintiff's counsel, Girardi & Keese and Lawyers *for* Justice, PC, have extensive experience litigating class action lawsuits and have the resources to prosecute this action. To date, counsel has already dedicated a substantial number of hours to investigating and researching the facts and circumstances giving rise to the claims presented in the operative Complaint. As explained in detail below, Plaintiff's counsel is more than adequate to serve as class counsel in the event this case is certified as a class action.

## II. THE STANDARD FOR DETERMINING ADEQUACY OF CLASS COUNSEL

Rule 23(g) of the Federal Rules of Civil Procedure sets forth the factors that courts must consider when determining whether a plaintiff's attorneys are qualified to serve as class counsel. The court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv). In addition, the court may consider any other matter pertinent to counsel's ability to fairy and adequately represent the interests of the class. Fed R. Civ. P. 23(g)(1)(B).

///
///
///
///

### III. PLAINTIFF'S COUNSEL ARE ADEQUATE TO SERVE AS CLASS COUNSEL

#### a. Counsel Has Expended Considerable Efforts Researching and Investigating the Class Claims

Despite the early stage of this litigation, Plaintiffs' counsel has already dedicated considerable efforts to investigating the class claims. To date, Plaintiff's counsel's investigation and research has included: 1) extensively interviewing Plaintiff; 2) communicating with other potential plaintiffs and/or other percipient witnesses; 3) reviewing and analyzing in-store display and in-store paper menus; 4) reviewing and analyzing post-lawsuit filing changes to the in-store display menus; 5) reviewing and analyzing Defendant Chipotle Mexican Grill, Inc.'s ("Defendant") in-store advertising materials (also known as "passionate ramblings"); 6) reviewing and analyzing the representations (on-line, print, video, and audio) of Defendant's officers, employees, and agents relating to "naturally raised" claims; 7) reviewing and analyzing Defendant's annual reports and other required corporate filings; 8) reviewing and analyzing external business and financial reports relating to Defendant's business practices, procedures, and policies; 9) reviewing and analyzing press releases distributed by Defendant relating to "naturally raised" claims and other closely related topics; 10) reviewing, analyzing, and monitoring the contents of Defendant's website and post-lawsuit filing changes thereto; 11) reviewing and analyzing on-line consumer statements regarding Defendant's "naturally raised" claims; 12) reviewing and analyzing media articles regarding Defendant's "naturally raised" claims; 13) reviewing, analyzing, and monitoring other websites such as chipotlesucks.com and chipotlefan.com for information relating to Defendant's "naturally raised" claims; 14) reviewing and analyzing the Honorable Congresswoman Louise M. Slaughter's February 16, 2012 inquiry to Defendant and other similar establishments; 15) reviewing and analyzing Defendant's and other similar establishments' responses to the Hon. Congresswoman Louise M.

Slaughter's February 16, 2012 inquiry; 16) reviewing and analyzing "What's in the Beef?" survey results; 17) reviewing and analyzing United State National Residue Program for Meat, Poultry, and Egg Products 2010 Residue Sample Results; 18) researching and analyzing Defendant's business practices, policies and procedures; 19) researching Defendant's supply chain; 20) researching Defendant's business, operational, and financial relations to McDonalds Corporation; 21) researching other class actions involving similar claims; 22) reaching and analyzing USDA Standards relating to "naturally raised" claims; 23) reviewing and analyzing the menus and advertisements/commercials of Defendant's competitors; 24) researching experts who may be helpful in this action; 25) reviewing and analyzing the background, formation, and presentation of Defendant's "Back to the Start" advertisement; 26) reviewing and analyzing the media coverage of this action and other actions against Defendant; 27) reviewing, analyzing and monitoring legal blogs regarding consumer class actions, false advertising and unfair business practices; 28) researching the work product of the public relations firm hired by Defendant to advance Defendant's "Food With Integrity" campaign; 29); researching federal and state updates to class action, false advertising, and unfair business practices law, and 30) reviewing and analyzing the National Advertising Division of the Council of Better Business Bureaus, Inc.'s case report relating to Defendant's "Back to the Start" advertisement.

Additionally, Plaintiff's counsel anticipates that investigation of the class' claims will entail massive formal pre-certification discovery and post-certification discovery. Plaintiff's counsel is prepared to commence discovery as soon as Defendant's counsel agrees to participate in the parties' Rule 26(f) conference. Plaintiff's counsel anticipates taking no fewer than fifteen (15)[1]

---

[1] Plaintiff may seek to expand the number of depositions in this case further. If Defendants designate numerous individuals as Persons Most Knowledgeable regarding the topics to be noticed, the number of individuals Plaintiff seeks to depose may exceed twenty. Similarly, if Defendants produce declarants in support of their Opposition to Plaintiff's Motion for Class Certification, Plaintiff will need to depose these witnesses.

depositions in this matter.

As this is a purported nationwide class action Plaintiff will also be serving extensive discovery, including requests for admission, requests for production of documents, and specially prepared interrogatories. Plaintiff anticipates that Defendant Chipotle Mexican Grill, Inc. ("Defendant" or "Chipotle") will produce over one hundred thousand documents in response to these discovery requests, which will take considerable time to review, and which will likely lead to more narrowly tailored discovery requests.

In addition to this extensive investigation of the class members' claims and Defendants' practices, Plaintiff's counsel has also engaged in motion practice. Plaintiff responded to this Court's first Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff's counsel devoted several hours to responding to this Order to Show Cause, which the Court discharged on August 20, 2012. (Docket No. 15). Plaintiff's counsel has spent several hours responding to the instant Order to Show Cause regarding counsel's adequacy. Additionally, Plaintiff's counsel also opposed Defendant's motion to dismiss and motion to strike portions of Plaintiff's complaint.

### b. Counsel Has Years of Experience Litigating Class Action Lawsuits and Has Extensive Knowledge of the Laws Applicable to this Case

#### i. Girardi & Keese

Girardi & Keese is a firm with approximately thirty attorneys who specialize in the representation of plaintiffs in mass torts and complex litigation, class actions, and individual claims. (Declaration of John A. Girardi ["Girardi Decl."], ¶ 1.) Girardi & Keese has been in existence for more than thirty years, and has ten members who are also members of the American Board of Trial Advocates. (*Id.*) Girardi & Keese has served as lead, liaison and executive committee counsel on numerous local and national multi-plaintiff pharmaceutical,

business, antitrust, and product defect cases. (*Id.* at ¶ 4.) Girardi & Keese is highly regarded as one of the most reputable, successful, resourceful, and talented plaintiff's class action law firms in the State of California. (Declaration of Edwin Aiwazian ["Aiwazian Decl."] ¶ 8.)

### ii. Lawyers *for* Justice, PC

Lawyers *for* Justice, PC predominantly focuses on the prosecution of consumer and employment class actions involving wage-and-hour claims, race, discrimination, unfair business practices, and false advertising. Lawyers *for* Justice, PC has successfully negotiated several key settlements on behalf of thousands of aggrieved California employees. (*See generally* Aiwazian Decl.)

Lawyers *for* Justice, PC has litigated several actions involving fraudulent and/or misleading in-store representations on behalf of California consumers. For example, Lawyers *for* Justice, PC, in association with other co-counsel, represented the plaintiff in a case entitled *Jason Kaya, et al. vs. Whole Foods Market California, Inc., et al.*, Los Angeles Superior Court Case Number BC421926, which was a consumer class action involving false advertising of volume discounts. On December 14, 2011, the Court granted final approval of the class action settlement. (Aiwzian Decl., ¶ 11.) Additionally, Lawyers *for* Justice, PC, again in association with other co-counsel, represents the plaintiff in a case entitled *Shenkman vs. One World Enterprises, LLC d/b/a O.N.E., et al.*, Los Angeles Superior Court Case Number BC467165, which is a consumer class action involving false advertising of nutritional information relating to coconut water. (*Id.*)

As evidenced by Girardi & Keese and Lawyers *for* Justice, PC's considerable experience in prosecuting class actions and consumer fraud actions, Plaintiff's counsel is extremely knowledgeable regarding the relevant laws at issue in this case.

///

### c. Counsel Has Devoted and Will Continue to Devote Considerable Resources to this Action

Plaintiff is represented by five lawyers from two different firms who are prepared to devote all necessary resources to the prosecution of this action. (Aiwazian Decl., ¶ 4; Girardi Decl, ¶ 5.) These resources include advancing the costs and expenses needed to litigate this action and devoting considerable time to investigating and litigating Plaintiff's class claims. (Aiwazian Decl., ¶ 3-5; Giradi Decl, ¶ 5.) Plaintiffs' counsel has already devoted numerous hours to the prosecution of this action. (Aiwazian Decl., ¶ 3-4.) Plaintiff's counsel stands ready to devote the additional time and expense needed to litigate this case. (Aiwazian Decl., ¶ 4-5; Giradi Decl, ¶ 5.)

## IV. PLAINTIFF'S RETAINER AGREEMENT, CO-COUNSEL'S FEE-SHARING AGREEMENT, AND PLAINTIFF'S CONSENT TO CO-COUNSEL'S FEE SHARING AGREEMENT HAVE BEEN SUBMITTED TO THE COURT FOR IN CAMERA REVIEW

Pursuant to the Court's Order to Show Cause, Plaintiff has submitted his retainer agreement with Plaintiff's counsel for in camera review by the Court. Additionally, Plaintiff has submitted the fee-sharing agreement between Girardi & Keese and Lawyers *for* Justice, PC, and Plaintiff's consent to the fee-sharing agreement between Girardi & Keese and Lawyers *for* Justice, PC for in camera review.

## V. COUNSEL'S PROPOSAL FOR ATTORNEYS' FEES AND NONTAXABLE COSTS

In the event that Plaintiff prevails in this action and a class recovery is obtained, Counsel for Plaintiff anticipates petitioning this Court for an award of attorneys' fees calculated based on Counsel for Plaintiff's lodestar and a reasonable multiplier to the extent warranted. However, if there is no injunctive or monetary recovery for the class, Counsel for Plaintiff's attorneys' fees will not

exceed thirty-five (35) percent of the recovery for the individual Plaintiff. Plaintiff's counsel's fee-sharing agreement has been submitted to the Court for in camera review. Counsel will also petition the court for reimbursement of all necessary and reasonable actual costs/expenses advanced in the course of this litigation.

## VI. CONCLUSION

We thank the Honorable Court in inviting us to present the above information. We stand ready to respond to any further inquiries regarding our adequacy to serve as class counsel.

Dated: September 12, 2012            LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff