| | |
|---|---|
| 1 | MESSNER & REEVES, LLC |
| 2 | Charles C. Cavanagh (CA State Bar No. 198468)<br>1430 Wynkoop Street, Suite 300<br>Denver, Colorado  80202 |
| 3 | Telephone:  (303) 623-1800<br>Facsimile:  (303) 623-0552 |
| 4 | E-mail:  ccavanagh@messner.com |
| 5 | SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP<br>Sascha Henry (CA State Bar No. 191914) |
| 6 | 333 South Hope Street, 43rd Floor<br>Los Angeles, California  90071 |
| 7 | Telephone:  (213) 620-1780<br>Facsimile:  (213) 620-1398 |
| 8 | E-mail:  shenry@sheppardmullin.com |
| 9 | Attorneys for Defendant Chipotle Mexican Grill, Inc. |
| 10 | GIRARDI & KEESE<br>John A. Girardi (CA State Bar No. 54917) |
| 11 | 1126 Wilshire Boulevard<br>Los Angeles, California  90017 |
| 12 | Telephone:  (213) 977-0211<br>Facsimile:  (213) 481-1554 |
| 13 | E-mail:  jgirardi@girardikeese.com |
| 14 | LAWYERS FOR JUSTICE, PC<br>Edwin Aiwazian (CA State Bar No. 232943) |
| 15 | 410 West Arden Avenue, Suite 203<br>Glendale, California  91203 |
| 16 | Telephone:  (818) 265-1020<br>Facsimile:  (818) 265-1021 |
| 17 | E-mail:  edwin@aiwazian.com |
| 18 | Attorneys for Plaintiff Alan Hernandez |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN HERNANDEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV-12-05543-DSF (JCx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Judge:        Hon. Jacqueline Chooljian<br>Courtroom:  20<br><br>Complaint Filed:  June 26, 2012<br>Trial Date:        Not Set |

- 1 -

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

# STIPULATED PROTECTIVE ORDER

WHEREAS the parties in the above-captioned action believe that the information they disclose through discovery and in the course of supporting or opposing motions may constitute, contain or reflect confidential, trade secret, proprietary, technical, scientific, business or financial information of a party or of a non-party;

WHEREAS the parties desire to establish a mechanism to protect the disclosure of such information in this action;

**IT IS HEREBY ORDERED THAT**:

1.   **Definitions**:  For purposes of this Stipulated Protective Order, the following definitions shall apply:

   (a)   Document.  The term "document" shall include all "Writings," as defined in section 250 of the California Evidence Code; shall have the full meaning ascribed to it by the California Code of Civil Procedure and the Federal Rules of Civil Procedure; and shall include, without limitation, any records, exhibits, reports, samples, transcripts, electronic mail ("email"), video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or motions, including copies or computer-stored versions of any of the foregoing.

   (b)   Disclosing Party.  The term "Disclosing Party" is defined herein as any party or non-party who is requested to produce or produces documents, materials or testimony containing Confidential Material.

   (c)   Receiving Party.  The term "Receiving Party" is defined herein as any party to whom documents, materials or testimony containing Confidential Material is provided.

   (d)   Confidential Material.  The term "Confidential Material" refers collectively to CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION.

(e) <u>Confidential Information</u>. The term "CONFIDENTIAL INFORMATION" is defined herein as information that has not been made public, the disclosure of which the Disclosing Party reasonably and in good faith contends could cause harm to the business operations of the Disclosing Party or provide improper advantage to others, including, but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act. CONFIDENTIAL INFORMATION also includes non-public personal or private information, such as (without limitation) personnel records.

(f) <u>Highly Confidential Information</u>. The term "HIGHLY CONFIDENTIAL INFORMATION" is defined herein as CONFIDENTIAL INFORMATION that is technical, commercial, financial or marketing in nature and that the Disclosing Party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of a Receiving Party would reveal significant business or financial advantages of the Disclosing Party. It includes, without limitation, information that the designating party reasonably and in good faith believes relates to (1) current business/strategic plans, (2) trade secrets within the meaning of the Uniform Trade Secrets Act that would provide a significant business or financial advantage to the Receiving Party, (3) technical product specifications and information, (4) sales, cost and price information including future sales/financial projections, (5) non-public marketing information including future marketing plans, (6) detailed sales and financial data, (7) customer lists, (8) recipes, ingredients list and other food preparation materials or (9) other information of competitive, technical, financial, or commercial significance comparable to the items listed in this paragraph.

(g) <u>Outside Service Organization</u>. The term "Outside Service Organization" is defined herein as an individual or organization that provides photocopying, document processing, electronic discovery, translation or graphics

services to counsel as part of the ordinary course of the discovery, motion practice, trial preparation or trial of this action.

(h)     Support Staff.  The term "Support Staff" is defined herein as employees of counsel for the parties or their Consultants, including paralegals, clerical personnel and secretarial personnel.

(i)     Action.  The term "Action" is defined herein as the matter of *Alan Hernandez v. Chipotle Mexican Grill, Inc.*, Case No. CV-12-05543-DSF (JCx), pending in the United States District Court for the Central District of California.

2.     **Applicability of Protective Order**:  If, in the course of this litigation, a party undertakes or is caused to disclose what the Disclosing Party contends is Confidential Material (i.e., CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION) the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Stipulated Protective Order.  Confidential Material shall be used solely in the preparation, prosecution or trial of this Action.

3.     **Disclosure Prohibited**:  Confidential Material or the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, by a Receiving Party to anyone other than persons permitted to have access to such information under this Stipulated Protective Order.  Nothing in this Stipulated Protective Order shall limit disclosure or use by a Designating Party of its own Confidential Material.

4.     **Designating and Marking Confidential Material**:  Confidential Material to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Stipulated Protective Order shall be designated and marked as follows:

(a)     Documents.  Documents may be designated as "CONFIDENTIAL" by placing the following legend, or equivalent thereof, on any such document:

"CONFIDENTIAL"

Documents may be designated as "HIGHLY CONFIDENTIAL" by placing the following legend, or equivalent thereof, on any such document:

"HIGHLY CONFIDENTIAL"

Such legends shall be placed upon every page of each document containing Confidential Material. In lieu of marking the originals of documents, the party may mark the copies that are produced, exchanged, filed or served.

(b) <u>Non-Paper Media</u>. Where Confidential Material is produced in a non-paper medium (e.g., video tape, audio tape, computer disks, etc.), the appropriate confidentiality notice as described in ¶ 4(a) above should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. To the extent that any Receiving Party prints any of the information contained on non-paper media that is designated as Confidential Material, such printouts shall be marked as described in ¶ 4(a) above by the Receiving Party.

(c) <u>Physical Exhibits</u>. The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶ 4(a) above.

(d) <u>Written Discovery</u>. In the case of Confidential Material incorporated in answers to interrogatories or responses to requests for admission, the appropriate confidentiality notice as described in ¶ 4(a) above shall be placed only on the first page of the document and on each answer or response that actually contains Confidential Material.

5. **Deposition Proceedings**: Counsel for the parties agree that the Designating Party shall make a good faith effort to designate as Confidential Material those specific portions of a deposition transcript that contain Confidential Material. At the option of counsel for the witness, to be stated on the record at the deposition, the

entire transcript of a deposition shall be treated as HIGHLY CONFIDENTIAL INFORMATION until 7 days after receipt of the deposition transcript by counsel for the witness, after which time the information revealed during the deposition shall cease to be treated as HIGHLY CONFIDENTIAL INFORMATION unless, at the deposition and on the record, or in writing before the 7 days have expired, the witness, his or her employer or his or her counsel designate those portions of the deposition transcript (including exhibits) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In the case of non-party witnesses, any party or the non-party witness, his or her employer or his or her counsel may designate information revealed as Confidential Material either by a statement to such effect on the record in the course of the deposition, or in writing within 7 days of receipt of the deposition by the non-party witness' counsel.

Counsel for any Disclosing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the deposing counsel, the court reporter and videographer (if any), any person who is not authorized by this Stipulated Protective Order to receive documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Material of the Disclosing Party.

The court reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Confidential Material and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent, to the Court and to counsel for the parties bound by the terms of this Stipulated Protective Order.  The court reporter may be asked to prepare CONFIDENTIAL, HIGHLY CONFIDENTIAL, or non-confidential versions of the transcript, as appropriate.  All video and/or audio copies of depositions that have been stated to contain, in whole or in part, Confidential Material, shall be marked CONFIDENTIAL or HIGHLY CONFIDENTIAL in their entirety, depending on the highest level of Confidential Material contained in the deposition.

With regard to designations made within seven (7) days after receipt of the transcript of a deposition, counsel shall make such designations by sending written notice to the court reporter, to counsel for the parties and to any other person known to have a copy of said transcript. The notice shall reference this Stipulated Protective Order, identify the appropriate level of confidentiality and identify the pages and/or exhibits so designated. All copies of transcripts designated in this fashion shall be marked with a notice indicating the appropriate level of confidentiality of the material and shall be governed by the terms of Stipulated this Protective Order.

6. **Designating Inspections of Documents and Tangible Items**: Where discovery is provided by allowing access to documents or tangible things for inspection instead of delivering copies of them, the producing party shall designate, in advance of their production, all HIGHLY CONFIDENTIAL INFORMATION. If a party believes that inspection, measuring, testing, sampling or photographing of that party's processes, products, equipment, premises or other property pursuant to Federal Rule of Civil Procedure 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION the Disclosing Party shall advise in advance the Receiving Party in writing that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis, and that the information discovered, and any information derived from that information, shall be treated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

7. **Inadvertent Nondesignation**: The failure to designate Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before or at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event that Confidential Material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as "CONFIDENTIAL" or

- 7 -
**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

"HIGHLY CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order. Disclosure of such Confidential Material to persons not authorized to receive that information before receipt of the confidentiality designation shall not be deemed a violation of this Stipulated Protective Order.  However, in the event the document has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps necessary to conform distribution to the designation:  *e.g.*, returning all copies of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" document, or notes or extracts thereof, to the persons authorized to possess such documents.  In the event distribution has occurred to a person not under the control of a Receiving Party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing.  In the event the request is not promptly agreed to in writing, or in the event there is no response, or in the event that the party deems the making of the request to be a futile act, the party shall promptly notify the Disclosing Party of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the Receiving Party.

8. **Misdesignation**: A Disclosing Party will use reasonable efforts to avoid designating, or to de-designate in a reasonable time after request, any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is not entitled to such designation or that is generally available to the public.

9. **Challenging Designation of Materials**: Any Receiving Party disagreeing with the designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall notify the Disclosing Party in writing.  The Disclosing Party shall then have a reasonable period, not exceeding seven (7) court days, from the date of receipt of such notice to:  (1) advise the Receiving Party whether or not the Disclosing Party persists in such designation; and (2) if the Disclosing Party persists in the designation, to explain the reasons for the particular designation.  The Receiving Party may then, after advising the Disclosing Party, move the Court for an order removing the particular designation and replacing it with a different designation

1  or no designation.  The Designating Party who asserts that the document or information
2  is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of
3  proving that the designation is proper.  Information designated "CONFIDENTIAL" or
4  "HIGHLY CONFIDENTIAL" by a Disclosing Party shall be treated as such by a
5  Receiving Party unless otherwise agreed to by the parties or otherwise ordered by the
6  Court or by any appellate court, should appellate review be sought.

7        The failure of a Receiving Party to challenge expressly a claim of confidentiality
8  or the designation of any document or information as "CONFIDENTIAL" or "HIGHLY
9  CONFIDENTIAL" at the time of disclosure shall not constitute a waiver of the right to
10 assert at any subsequent time that the same is not in fact confidential or not
11 appropriately designated for any reason.

12       10.  **Access to CONFIDENTIAL INFORMATION**:  Access to
13 CONFIDENTIAL INFORMATION, not including HIGHLY CONFIDENTIAL
14 INFORMATION, shall be limited to the following individuals:  (a) persons qualified to
15 have access to HIGHLY CONFIDENTIAL materials pursuant to paragraph 11 below;
16 and (b) a party or employees of a party who have a need to know the information to
17 assist counsel in connection with the litigation.  The persons described in this
18 paragraph, excluding the Court and Court personnel, shall have access to the
19 "CONFIDENTIAL INFORMATION" only after they have been made aware of the
20 provisions of this Stipulated Protective Order and have manifested their assent to be
21 bound thereby by signing a copy of the agreement attached hereto as Exhibit A.

22       11.  **Access to HIGHLY CONFIDENTIAL INFORMATION**:  Access to
23 HIGHLY CONFIDENTIAL INFORMATION shall be limited to the following
24 individuals:

25       (a)  <u>Outside Counsel</u>:  Outside counsel of record for the respective
26 parties to this litigation, including counsel's Support Staff and Outside Service
27 Organizations;
28

(b) <u>In-House Counsel</u>:  In-house counsel of a party working on this litigation (including in-house counsel's Support Staff);

(c) <u>Court Reporters</u>:  Court reporters taking testimony and their support personnel;

(d) <u>The Court</u>:  The Court and authorized court personnel; and

(e) <u>Outside Service Organizations:</u>  As defined in paragraph 1(g) herein.

(f) <u>Consultants and Experts</u>:  Experts or independent consultants retained by counsel for assistance with respect to this litigation, provided that each such person has complied with the procedures set forth below in paragraph 15, together with each such person's necessary clerical and Support Staff.

The persons described in this paragraph, excluding the Court and Court personnel, shall have access to the "HIGHLY CONFIDENTIAL INFORMATION" only after they have been made aware of the provisions of this Stipulated Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A.

12. **List of Recipients**:  A list shall be maintained by counsel for the parties of the names of all persons (except for counsel and their support personnel, and consultants and experts not required to be disclosed) to whom Confidential Material is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request.  Similar but separate lists shall also be maintained with respect to Confidential Material provided by third parties.

13. **Jurisdiction of this Court**:  Each individual who receives any Confidential Material hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Stipulated Protective Order.

14. **Witnesses**:  Nothing herein is intended to prevent showing a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a person who

the document indicates is an author or authorized recipient of the document. No copies of such documents shall be given to such individuals for them to retain. Furthermore, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, the discussion by counsel of such conduct or statements with such witness (without revealing any portion of the document or testimony) shall not constitute a disclosure in violation of this Stipulated Protective Order. During deposition or trial testimony, counsel may disclose documents produced by a party to current employees or officers of the Disclosing Party.

15. **Experts and Consultants**: Before disclosing any CONFIDENTIAL INFORMATION, including HIGHLY CONFIDENTIAL INFORMATION, to outside experts or consultants, the party seeking to disclose such information shall require all outside experts or consultants to execute Exhibit A hereto.

16. **Court Reporters and Videographers**: Any court reporter or videographer who records testimony in this action at a deposition shall be provided with a copy of this Stipulated Protective Order by the party noticing the deposition. That party shall advise the court reporter or videographer, before any testimony is taken, that all documents, information or testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is and shall remain confidential and shall not be disclosed, except as provided in this Stipulated Protective Order. The noticing party shall further advise the court reporter and videographer that copies of all transcripts, reporting notes and all other records of any such testimony must be treated in accordance with this Stipulated Protective Order, delivered to attorneys of record, or filed under seal with the Court.

17. **Filing Confidential Material With the Court**: Notwithstanding any designation of Confidential Material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and notwithstanding any other provision of this Stipulated Protective Order, Confidential Material may be filed with the Court under seal only upon the filing of an application that complies with both Local Rule 79-5 and paragraph 6 of Standing Order for Cases Assigned to Judge Dale S. Fischer.

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

18.  **Storage of Confidential Materials**:  The Receiving Party shall use due care with respect to the storage, custody, use and/or dissemination of Confidential Material.  Among other things, CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not be stored at any business premises of the Receiving Party unless such information is stored in a secured area and accessible only to persons eligible to review such information.

19.  **Copies of Confidential Materials**:  Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analyses of Confidential Material for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Stipulated Protective Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

20.  **Custody of Confidential Materials**:  Documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be maintained in the custody of counsel for the parties, except that:  (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of these documents may be retained by persons entitled to access of such documents under the terms of this Stipulated Protective Order to the extent necessary for their study, analysis and preparation of the case.  A person with custody of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall maintain them in a manner that limits access to those persons entitled under this Stipulated Protective Order to examine the documents so designated.

21.  **Procedure in Event of Non-Permitted Disclosure**:  Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be

disclosed, through inadvertence or otherwise, to any person or party not authorized under this Stipulated Protective Order, then the party responsible for the inadvertent disclosure shall use its best efforts to bind such person to the terms of this Stipulated Protective Order; and shall (a) promptly inform such person of all the provisions of this Stipulated Protective Order; (b) request such person to sign the agreement in the form attached hereto as Exhibit A; and (c) identify such person immediately to the Disclosing Party that designated the document as confidential.  The executed agreement shall promptly be served upon the party that designated the document as confidential.

22. **Limited Scope**:  The purpose of this Stipulated Protective Order is to facilitate discovery in this litigation, and in no manner shall it affect the application of any state or federal law regarding confidentiality of information.

23. **No Waiver of Privilege or Work Product**:  The terms of this Stipulated Protective Order shall in no way affect a Disclosing Party's right to:  (a) withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or the work-product doctrine, or (b) reveal or disclose to anyone any documents or information designated by that party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and containing no information designated by another party or third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

24. **No Application to Public or Otherwise Available Information**:  The restrictions and obligations set forth herein relating to information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not apply to any information which:  (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Stipulated Protective Order; or (c) has come or shall come into a Receiving Party's legitimate possession independently of the producing party.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any

information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if that person already has or obtains legitimate possession thereof.

25. **Conclusion of Litigation**: Unless counsel agrees otherwise in writing, within ninety (90) days of the final disposition of this action including any appeals, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents, other than attorney work-product, which have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or destroy same, and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person. At the conclusion of the 90-day period, counsel for each party shall represent in writing under penalty of perjury that to his or her knowledge and belief the party has either returned or destroyed all Confidential Material in accordance with this order.

26. **Subpoenas in Other Actions**: In the event any person or Receiving Party having possession, custody or control of any document or information produced in this action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Disclosing Party receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall notify by mail (via overnight delivery) the attorneys of record of the Disclosing Party claiming such confidential treatment of the document sought by such subpoena or other process or order, shall furnish those attorneys with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The Disclosing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Subject to any reasonable procedure sought to be pursued by the party whose interest may be affected, the person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

27. **Continuing Jurisdiction**: The Court retains jurisdiction even after termination of this action to enforce this Stipulated Protective Order and to make such amendments, modifications, deletions and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate. The disclosing parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Stipulated Protective Order, (ii) seeking further protection against discovery or use of CONFIDENTIAL INFORMATION, including HIGHLY CONFIDENTIAL INFORMATION, or other documents or information, or (iii) seeking further production, discovery, disclosure or use of claimed CONFIDENTIAL INFORMATION, including HIGHLY CONFIDENTIAL INFORMATION, or other documents or information.

28. **Obligations to Third Parties**: If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a non-party to maintain such information in confidence, the Disclosing Party shall give written notice to the non-party that its information is subject to discovery in this litigation, and shall provide the non-party with a copy of this Stipulated Protective Order. When such written notice is given to the non-party, the Disclosing Party will advise the potential Receiving Party that such notice has been given. The parties shall cooperate with each other and the non-party in attempting to resolve any disputes over disclosure and with each other in bringing unresolved disputes before the Court for resolution.

///
///
///
///
///
///
///

29. **Headings:** The headings herein are provided only for the convenience of the parties, and are not intended to define or limit the scope of the express terms of this Protective Order.

## ORDER

IT IS SO ORDERED.

DATED: April 17, 2013

                                          /s/
Honorable Jacqueline Chooljian
United States Magistrate Judge

APPROVED AS TO FORM:

Dated: March 20, 2013            LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
Attorneys for Plaintiff
ALAN HERNANDEZ

Dated: March 20, 2013            MESSNER & REEVES, LLC
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

By: _____
Charles C. Cavanagh
Sascha Henry
Attorneys for Defendant
CHIPOTLE MEXICAN GRILL, INC.

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HERNANDEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV-12-05543-DSF (JCx)<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Judge:          Hon. Dale S. Fischer<br>Courtroom:  840 (Roybal)<br><br>Complaint Filed: June 26, 2012<br>Trial Date:          Not Set |

## AGREEMENT CONCERNING INFORMATION COVERED BY STIPULATED PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that, on _____, he/she has received and read the Stipulated Protective Order entered in the matter of *Alan Hernandez v. Chipotle Mexican Grill, Inc.*, Case No. CV-12-05543-DSF (JCx), pending in the United States District Court for the Central District of California, and understands its terms and agrees to be bound by each of those terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or to

disclose any confidential information made available to him/her other than in accordance with said Order.  The undersigned further submits to jurisdiction of this Court for purposes of the Stipulated Protective Order, including, without limitation, any proceedings relating to the performance under, compliance with or violation of this Order in this action.

Dated: _____

By:_____
(signature line)

_____
(type or print name of individual)

Of:_____
   (name of employer)

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**